**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FAITH ALMA JEAN GRIFFIN
Individually, and as Administrator of
the Estate of Alma L. Sain,

          Plaintiff,

      v.

JONESBORO NURSING AND
REHABILITATION CENTER, LLC,
d/b/a Jonesboro Nursing and
Rehabilitation Center, et al.,

          Defendants.

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

1:19-CV-03096-ELR

**O R D E R**

Presently before the Court is Plaintiff's "Motion to Remand and Response in Opposition to Defendants' Notice of Removal." [Doc. 9]. For the reasons set forth below, the Court denies Plaintiff's motion.

**I.    Background**

This case involves claims arising from the care received by Alma L. Sain while she was a resident at Jonesboro Nursing and Rehabilitation Center. Specifically, Plaintiff alleges that Defendants' violations of federal and state law, negligence, and breach of contract in providing care, services, and treatment led to

Alma L. Sain's death.  Compl. [Doc. 1-2 at 1].  On May 28, 2019, Plaintiff Faith Alma Jean Griffin ("Griffin"), individually and as administrator of the estate of Alma L. Sain ("Plaintiff"), brought this action against Defendants Jonesboro Nursing and Rehabilitation Center, LLC ("Jonesboro Nursing"), DTD HC, LLC ("DTD"), D&N, LLC ("D&N"), ABC Corporation, and John/Jane Does 1-2 in the State Court of DeKalb County, Georgia, seeking damages.  Id.

Defendant Jonesboro Nursing was served on June 4, 2019 [Doc. 9-2], while Defendants DTD and D&N were served on June 6, 2019.  [Docs. 9-3, 9-4].  On July 8, Defendants DTD and D&N filed a Notice of Removal, removing this case to this Court.  Notice of Removal [Doc. 1].  Although Defendant Jonesboro did not sign the Notice of Removal, it filed its Answer and its Motion to Dismiss, Compel Arbitration and to Stay Discovery on the same day, July 8, 2019.  [Docs. 2, 5].

On July 18, 2019, Plaintiff filed her Motion to Remand and Response in Opposition to Defendants Notice of Removal.  [Doc. 9].  Having been fully briefed, this motion is now ripe for the Court's review.

## II.    Legal Standard

Pursuant to 28 U.S.C. § 1441(a), an action may be removed from state court to the district court where it could have been originally filed.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  When an action is removed from state court, "the district court first must determine whether it has original jurisdiction over the

plaintiff's claims." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted).  The removing defendant bears the burden of proving subject matter jurisdiction exists.  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction.").  "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly[, and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala., 168 F.3d at 411.

A federal court's original jurisdiction may be based either on federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332.  To satisfy the requirements of diversity jurisdiction, the action must: (1) involve a dispute between citizens of different states, and (2) the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity; "the citizenship of each plaintiff must be different from that of each defendant." Holston Invs., Inc. B.V.I. v. LanLogistics Corp., 677 F.3d 1068, 1070 (11th Cir. 2012); accord 28 U.S.C. § 1332.  Where the district court finds that complete diversity is lacking between the parties, it must remand the matter to state court.  CSDVRS, LLC v. Purple Commc'ns, Inc., 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013).

Further, for removal actions involving multiple properly joined defendants, the rule of unanimity applies. 28 U.S.C. § 1446(b)(2)(A) states: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Generally, each defendant has thirty days after service of the initial pleading or summons "to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). While the unanimity rule must be strictly interpreted and enforced, the Eleventh Circuit has refused to "establish a wooden rule." Stone v. Bank of N.Y. Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015).

## III.    Discussion

Defendants based the removal of this action solely on § 1441(a): diversity jurisdiction.[1] See Notice of Removal at 1. Plaintiff does not challenge the Court's diversity jurisdiction, but instead argues that the removal is procedurally defective. [Doc. 9-1 at 9]. Specifically, Plaintiff argues that at the time of removal, Defendant Jonesboro had not appropriately consented to removal. [Id. at 4].

According to Plaintiff, Defendants were all properly served by July 6, 2019, making the Notice of Removal due no later than July 8, 2019. [Id. at 9]. While

---

[1] Plaintiff Griffin is a citizen of the state of Georgia. Compl. ¶ 2. Defendants D&N and DTD are citizens of the state of New York because all of their members are citizens of New York. Notice of Removal ¶ 5. Likewise, Defendant Jonesboro is also a citizen of the state of New York because all of its members are citizens of the state of New York. Id. ¶ 6. Finally, Defendants assert that the amount of damages in this case seeks exceeds $75,000. Id. ¶ 7.

Defendants D&N and DTD explicitly signed the Notice of Removal, Defendant Jonesboro did not. [Id.] Thus, Plaintiff claims that Defendants failed to satisfy the rule of unanimity. [Id.] Plaintiff additionally argues that Defendant Jonesboro should not be given an opportunity to correct its mistake since any notice of consent would fall outside the statutory deadline. [Id. at 10]. Therefore, because Defendants have failed to timely satisfy the rule of unanimity, Plaintiff claims this case should be remanded. [Id.]

The Court disagrees. Although there is some disagreement in this Circuit about when and how a defendant should effectuate consent,[2] this Court is guided by the principles set forth in Stone v. Bank of N.Y. Mellon, N.A., No. 1:11-CV-81-RWS, 2014 WL 61480, at *7 (N.D. Ga. Jan. 8, 2014); aff'd 609 F. App'x 979, 981 (11th Cir. 2015). In Stone, the court stated while a notice of removal should be signed by all defendants:

> other forms of manifested consent may be acceptable to the federal court. For example, when a defendant files an answer or a motion to dismiss without having signed the notice of removal, a sufficient basis

---

[2] Compare Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).") and Jasper v. Wal-Mart Stores, Inc., 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("[A]ll defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants."), with Goss v. Aetna, Inc., 360 F. Supp. 3d 1364, 1369 (N.D. Ga. 2019) (denying remand in part because rule of unanimity was satisfied when defendant manifested consent in some other fashion, even if it did not sign the notice of removal) and Waldon v. ACE Am. Ins. Co., No. 1:16-CV-1608-AT, 2016 WL 10393763, at *1 (N.D. Ga. Aug. 19, 2016) (holding that a defendant's explicit consent in both its notice of consent and in its opposition to the motion to remand sufficiently cured the technical defect concerning the rule of unanimity).

> exists for concluding that the defendant consented to removal because he is purposefully availing himself of a court's mechanisms.

Stone, 2014 WL 61480, at *7 (marks and citations omitted). Additionally, the Eleventh Circuit has held that "a technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment." Stone, 609 F. App'x at 981. Finally, "a defect other than a lack of subject matter jurisdiction does not necessarily require remand," and failure to comply with the rule of unanimity is procedural, not jurisdictional. Goss, 360 F. Supp. 3d at 1370 (citing Hernandez v. Seminole Cty., 334 F.3d 1233, 1236 (11th Cir. 2003)).

While Defendant Jonesboro did not sign the Notice of Removal, it did submit its Answer and other motions to this Court on July 8, 2019, within the thirty (30) day time limit. [See Docs. 2, 5-6]. Accordingly, this Court finds all Defendants have timely and sufficiently expressed their consent to removal, thereby meeting the procedural requirements of 28 U.S.C. § 1446. Even if there was some procedural defect in the manner or timing of Defendant Jonesboro's consent, there is no doubt that Defendant Jonesboro currently opposes remand, which effectively cures the technical defect. Stone, 609 F. App'x at 981. Because a failure to comply with the unanimity defect is a procedural defect, not a jurisdictional defect, remand is not required. See id. (upholding the district's court decision to refuse remand for

6

technical defect related to the rule of unanimity).  Accordingly, the Court denies Plaintiff's motion to remand.

## IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's "Motion to Remand and Response in Opposition to Defendants' Notice of Removal." [Doc. 9].

**SO ORDERED**, this ___7th___ day of November, 2019.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia

7